EDMUND KEARNY et al. v. NATHANIEL JEFFRIES et al.

1. CHANCERY PRACTICE—BILL FOR DISCOVERY.—Technically, a bill for discovery is brought only in aid of a suit at law, pending or about being brought, to obtain disclosure of facts in the possession or knowledge of the defendant. No relief touching such facts is ever sought or allowed, except such as are merely incidental to the discovery sought, such as stay of the suit at law, the production of deeds, etc. But the object is merely the discovery of facts material to a suit in another court having, as is generally the case, exclusive jurisdiction of the subject-matter. This chancery jurisdiction for discovery has, by statute, in Mississippi, been conferred upon courts of law.

2. SAME—DISCOVERY AT LAW UNDER THE MISSISSIPPI STATUTE—RELIEF—JURISDICTION.—While the statutes which enable the plaintiff in a suit at law to examine the defendant as a witness, or to file in that court a petition for ancillary discovery, may not preclude his right to have a discovery in a court of equity, it is, nevertheless, affirmed that if the plaintiff, who has a legal title and needs discovery, brings his bill for that purpose, a court of equity will not undertake to try the case as if it were ejectment.

3. EQUITY—DISCOVERY—RELIEF.—A court of equity must have jurisdiction to relieve in some particular before it will relieve in all. But the ordinary bill of discovery is not a bill for relief, and requires generally no decree.

4. CONTRACTS—DEEDS—MUTUAL CONCURRENCE OF GRANTOR AND GRANTEE.—A deed is one of the forms of contract, and to constitute it the parties, grantor and grantee, must concur, the former to convey and the latter to accept, on the terms mentioned in the instrument. This is the last formal act necessary to complete the contract. But mere manual delivery and possession of the deed is not enough; but there must be an acceptance and assent that the deed shall be operative as a contract.

5. SAME.—Where the deed is beneficial to the grantee and there is an absence of countervailing circumstances, delivery and acceptance will be presumed from acknowledgment, registration, enjoyment of the estate raised by it, etc.

APPEAL from the chancery court of Claiborne county.

*William Sillers*, for appellants.

As to complainants, Jeffries surely delivered by

placing the deed in Mrs. Routh's possession, and putting it in her power to use it; and she surely accepted by having possession of it, giving it to her husband, and by his exhibiting it to complainants. They state in the bill, and in the answer to the cross-bill—which is testimony for complainants, and is nowhere denied—that Job Routh did show them the deed, and that they sold the goods to her and gave her the credit upon the faith of it.

The magistrate's certificate, in which Jeffries acknowledges that he delivered the deed, estops him from denying delivery as to complainants, who are creditors and purchasers. Wall v. Wall, 30 Miss. 96–100.

The deed having been placed in possession of Mrs. Routh, duly signed, sealed and acknowledged, the title to the land vested in her; and, as to complainants, she and her father are estopped from denying it. Its production and exhibition are *prima facie* evidence of delivery. Morris v. Henderson, 37 Miss. 501.

I submit that a title, having once vested under the deed, cannot be divested merely by destroying the deed or returning it to the grantor. See Burton v. Wells, 30 Miss. 691, 692; Mallory v. Stodder, 6 Ala. 801; King v. Cocheran, 14 ib. 822.

Various matters of defense are set up and charged in the answers, and the answers are made cross-bills for discovery from complainants in aid of the defense. No relief is asked.

The universal rule, in both courts of equity and of law, is, that the answer to a bill of discovery is testimony. It is conclusive upon the appellees, and they are not permitted to contradict or question it. Story Eq. Pl., §§ 389, 390; 1 How. (Miss.) 596; 7 ib. 463; 44 Miss. 807.

By the cross-bill, complainants are introduced as witnesses; and the rule is universal, that a party cannot question either the competency or credibility of his

own witness. 7 Cow. 242 ; 1 Starkie on Ev. 185. The answer to the cross-bills proves the original bill, and it wholly denies and disproves the answers and cross-bills, and is conclusive as evidence, according to the case of McGehee and wife v. White, 31 Miss. 47.

The deed of gift gave Mrs. Routh an estate for life, with remainder to her two infant daughters, Priscilla and Catharine. What right had she to reject the deed, or return it to her father, or destroy it, or agree upon the substitution of another, altering and diminishing the estate of her infant daughters ? They are infants, entitled to the larger estate, and she had no right to destroy or diminish the amount of their interest by requiring a different deed to be substituted ; it was a crime to do so. It may have been maternal ; it was not legal.

In the court below, the counsel for appellees cited McGehee and wife v. White, and claimed that it was conclusive in their favor. But it is not even analogous. The deed was made by McGehee and wife to Mrs. White alone, in fee. There was no infant remainder-man. The deed was tendered to her husband, White. He looked at it, read it, refused to receive because it was not made to him and wife, and handed it back to be amended, and it was destroyed. Mrs. White, the grantee, never accepted it, never saw it. Upon this state of facts, the court decided that there was neither delivery or acceptance. No one was imposed upon by the deed ; no credit obtained on the faith of it. The suit was brought by a party claiming the property in a line of descent from Mrs. White. The court decide that, upon the facts of the case, there was no deed, no estate to descend. White did not accept for his wife, and she never saw the deed or authorized its acceptance.

The chancellor erred in deciding that the judgment of Wood & McGinnis and the decree of W. R. Gunnis

& Co. (the appellants) against Routh and wife, are each null and void, and therefore that the sheriff's sale and deed thereunder are also void.

Executions on both the judgment and decree were in the sheriff's hands, and levied by him on Mrs. Routh's interest in the land in controversy, and the sale was made by him under both exections at the same time; and if either the judgment or decree was valid, then a title passed to complainants by the sheriff's sale.

The law is, if executions on various judgments, in favor of different persons, are levied on the same lot, and it be sold under them, if one judgment or execution be regular, though all the others be vicious or even void, the title of the purchaser will be good. Kane v. Martin, 9 S. & M. 387; Banks v. Evans, 10 ib. 35; Hand v. Grant, ib. 514.

There is no objection to the executions. Appellees object that the judgment and decree are both void. If I show either to be good, it will support the sale and sustain the sheriff's deed.

The judgment at law in favor of Wood & McGinnis is valid. Hardin v. Phelan, 41 Miss. 114, 115; Robertson and wife v. Bruner, 24 ib. 243; Code of 1857, p. 508, art. 181; 1 Chitty Pl. 329; Code of 1857, p. 336, art. 26; Gale v. Lancaster, 44 Miss. 413.

" The evidence upon which the orders and judgments of courts of general jurisdiction are founded is not necessarily a part of the record, nor required to be shown by it. Every presumption is to be indulged in favor of the correctness of the facts on which their judgments and decrees are founded, and which appear of record." 39 Miss. 784; 26 ib. 70; 31 ib. 578; 37 ib. 17.

" The presumption of law is, that such judgments are founded upon proper and sufficient evidence, and cannot be collaterally impeached, however insufficient the evidence may have been in fact." 31 Miss. 578; 39

ib. 784–789; Pollock, Adm'r v. Buie, 43 ib. 151; 1 Chitty Pl. 329; Stennel v. Hogg, 1 Saund. 228.

There was a plea of *non-assumpsit*, that admitted the law, waived defects in pleading, and disputed the facts. There was a jury trial, verdict and judgment. Is not that conclusive as to the facts? 24 Miss. 243; 43 ib. 31.

The jurisdiction of the circuit court did not depend upon an averment, that the account sued on was contracted by the wife for the support of herself and family, or of her separate property. 2 Pet. 164, 165; 2 Am. Lead. Cas. 737. But, if I am mistaken, the judgment is not void, it is only erroneous, and cannot be attacked or objected to collaterally. 24 Miss. 519; 28 ib. 409; ib. 413; 10 Pet. 469–473; 12 S. & M. 117; 27 Miss. 478, 479.

If a judgment be erroneous, yet it is a judgment, and, until reversed, cannot be disregarded. It is not *coram non judice*. 2 Cranch, 186; 41 Miss. 560; 43 ib. 31.

Must it appear affirmatively, of record, by averment, that she had separate estate? The statute of jeofails says not. Her liability is charged. Must it appear of record by proof? The proofs never appear in the circuit court except by bill of exceptions.

The chancellor decided that appellants' remedy in the premises, if they were entitled to any, was in a court of law, and not in a court of equity.

Such is not the law. The deed from Jeffries to Mrs. Routh has been suppressed, perhaps destroyed.

Complainants were entitled to come into equity for discovery whether the deed had not been made as charged (1 Story Eq. Jur. 82–91, §§ 64–74; 2 ib. 1); and the jurisdiction having once rightfully attached, it shall be made effectual for the purposes of complete relief, to prevent multiplicity of suits and circuity of action. 1 Story Eq. 82–91; 2 ib., § 1265; Scruggs v.

Blair, 44 Miss. 413; Williams' Heirs v. Rhodes, 33 ib. 137.

When chancery has jurisdiction of the rights of parties for any purpose in a cause, it will draw to itself all collateral subjects necessary and proper to be considered, in order to a full, complete, and final adjudication of those rights. Gilliam v. Chancellor & Murray, 43 Miss. 448.

They were entitled to come into equity because Jeffries' deed has been destroyed or suppressed, and they don't know which alternative is true; but they know that it is the fraudulent conduct of appellees, and the court will give full relief *in odium spoliatoris.* 1 Story Eq. Jur., 101, §§ 84, 252, 254.

Conferring jurisdiction on courts of law by act of legislature, does not change or obliterate the jurisdiction in equity, unless the statute abolish or limit it. Jurisdiction concurrent. Ib. 80, § 63.

The chancellor decided that complainants were entitled to bring ejectment as upon an equitable title, just as defendant may defend upon equitable title under the Code, 388, art. 17.

In the first place, this article was adopted to enable defendants to avail themselves at law of an equitable defense, because they have not the privilege of choosing the forum, and it prevents circuity of action.

In the second place, it expressly authorizes complainants to come into equity " to try the defendant's equitable title."

Complainants were entitled, nay, compelled, to come into equity to get the deed from Jeffries to Mrs. Routh, or, in case of its destruction, to obtain a decree for the execution of another; for it is an important and indispensable muniment of their title, which they cannot recover in a court of law. 2 Story Eq. Jur. 12–20, §§ 703–711; Philips v. Hines, 33 Miss. 163, 170.

Equity will afford relief against any legal advantage unconscientiously obtained, or sought to be unconscientiously used. Marshall v. Minter, 43 Miss. 667, 679. The destruction or suppression of the deed casts a cloud upon complainant's title, and authorized a bill of *quia timet* and for general relief. Boyd v. Thornton, 13 S. & M. 343–'5.

. It was contended below, that the original bill was for discovery, and that therefore complainants are bound by appellees' answer. But the only point upon which complainants asked discovery was, that if they had not stated the deed correctly, then that appellees might state its shape and terms, what it granted, when made, etc. The answers substantially admit the bill.

It was contended below, that complainants' purchase was void for gross inadequacy of price. "Common sense knows no such principle. The value of a thing is what it will produce." 1 Story Eq. Jur., § 245.

There was no proof of the value of the land. The sale was public, open, in market-overt and fair. It was not impeached by any proof; and it was only a life estate sold, with the chances of a lawsuit, and the times were notoriously hard and money historically scarce. Ladner v. Ogden, 31 Miss. 337–340.

*Berry & Drake,* for appellees.

The complainants, among other things, prayed for a discovery of the title of the defendant, Mrs. Routh, to the lands described in their bill, and for a discovery as to the execution of a deed to her from her father, the defendant, Jeffries, who both in their answers to said bill deny that she had any title thereto, and also deny that said deed referred to in said bill was ever delivered or accepted, though tendered for acceptance; but that acceptance thereof was absolutely refused, and same returned to grantor, and has since, being regarded as worthless, been lost or destroyed.

The principle is well established, that "the party who files a bill of discovery always admits that he cannot prove the facts except by the answer of his adversary, and that answer is conclusive upon him; he is not permitted to contradict it." 7 How. 463.

But again, there were no depositions taken or other proof offered, except the transcript of the sequestration suit offered by the defendants; and by going to trial on bill and answer, without any evidence to contradict the answer, the same being responsive to the bill, is to be taken as true, and is conclusive against plaintiffs. 40 Miss. 777, § 2; 6 How. 303; 2 Dan. Ch. Pl. and Pr. (3d Am. ed.) 840, note 2; 1 Greenl. Ev. § 260; 3 ib. §§ 284, 285.

A deed takes effect only by sealing and delivery, and without proof of these it can have no effect whatever (and, according to our practice, the acknowledgment precedes the delivery, and can, therefore be no proof of delivery). 4 How. 25, § 2; 3 Wall. 641; 5 ib. 85–'6. There must also be an acceptance of the deed. 31 Miss. 41; 41 ib. 258. There must be an actual delivery and acceptance of a deed in order to pass the title—the assent of two minds. 34 Miss. 741–'2; 6 Cow. 617.

The case of Wall v. Wall, 30 Miss. 91–97, cannot avail the plaintiffs, because in that case the acceptance, under the circumstances of the case, was presumed. In the case at bar, however, both delivery and acceptance are expressly denied by the sworn answers of the defendants (and not otherwise disproved), which is conclusive on the plaintiffs.

In the court below, the counsel for plaintiffs insisted that a deed of gift, especially where minors were the beneficiaries, could not be revoked, and that the grantee must re-convey in order to re-invest the title in the original grantor; that merely destroying the deed of gift would not re-invest the title in the origi-

nal grantor, but, according to the preceding authorities, without a delivery and acceptance, there is no vesting of title in the contemplated grantee; and, according to 34 Miss. 741, and 3 Wall. 86, above cited, the making, acknowledging and having a deed recorded by the grantor do not *per se* vest the title in the grantee; and, according to 6 Cow. 719, above cited, not only under such circumstances does no title vest, but the deed is declared "unquestionably void."

The bill, in aid of plaintiffs' pretended title, seeks for the production, delivery up and recording of the deed referred to in said bill, and removing of clouds from their title.

But a court of equity will not grant relief to a party seeking the cancellation (or delivery up ?) of title deeds held by his adversary, and which he alleges constitute a cloud on his title (or, in the other case, are necessary to sustain or perfect his title ?), unless he shows a clear title in himself. If he has a doubtful title, he will be left to his remedy at law, and the burden of proof is on him to establish his right, etc., even if it requires him to prove a negative. 33 Miss. 296–298. He must show clearly the validity of his own title, and its freedom from suspicion, and the invalidity of that of his opponent. Only at the suit of true owners will such a bill lie. Gross inadequacy of price is a badge of fraud. 44 Miss. 662, 663, 666, 667, and cases cited; 32 ib. 272, 273; 8 S. & M. 265; 25 Miss. 457. The plaintiffs pretend to have bought the land in controversy, 2,400 acres, for $58.60, less than three cents per acre, being the amount of costs due on the two suits, and for which they were already liable; and the whole facts of the case show that they then had a suspicion that Mrs. Routh had no title, and were merely speculating in a lawsuit.

The bill prays for the delivery up to plaintiffs of the property in controversy, and for rents, etc., for its

wrongful detention.  The bill is in the nature of an ejectment suit in chancery, and as such is *dehors* all safe precedents and adjudicated cases.

In Forniquet, adm'r, etc. v. Forniquet et al., 34 Miss. 100, the court puts its decision in granting such a prayer expressly upon the ground of aiding the jurisdiction of the probate court, which was incompetent to grant adequate relief, and the power of the chancery court was limited to that necessity.  But, in the case at bar, had the chancery court granted the main and preliminary relief, the circuit court, in an ejectment suit, would then have been competent to give adequate relief; and the granting the relief prayed for, would have been, in the language of the court, "an encroachment upon the jurisdiction of the" circuit court.

A cross-bill is the proper method for bringing the whole matter before the court, and the court will adjudicate the whole matter, and give defendants relief if entitled to it.  Story Eq. Pl., §§ 389–393 and 396 ; 2 Daniels Ch. Pr. and Pl. (3d Am. ed.) 1647–1651; Late Code 548–551.

And the court below, we think, should have granted the relief prayed for by defendant, Jeffries, to wit, the cancellation of the sheriff's deed to plaintiffs, and a re-conveyance from them to him, and a perpetual injunction against plaintiffs' running executions issued on said judgment and decree against said lands ; and we ask this court to render such decree as the chancellor ought to have rendered.  And if said judgment and decree are void, as we think they clearly are, then the court below ought so to have declared them, and perpetually enjoined their execution, or set them aside as prayed for.  They show, upon the face of the proceedings, great ignorance of law, or a willful imposition upon the court, and fraud upon defendant, Mrs. Routh ; and if void for fraud, as charged in the cross-bill, equity will set them aside, especially in favor of a stranger to

them, whose rights are injuriously affected thereby. 10 S. & M. 293, 296.

Jeffries alleges, in his answer, that the draft of the deed from him to his daughter, Mrs. Routh, did not conform to his wishes in the matter; that he wished and intended to place the property beyond the power of his daughter or her husband to incumber the same in any manner whatever; and a chancery court will reform a deed and make it comply with the intention of the donor, even after judgment and levy of execution against the husband of the donee. Stone v. Hale, 17 Cocke, 557.

The plaintiffs insist, by way of demurrer, that Mrs. Routh, being a *feme covert*, cannot answer their bill, etc., alone and without joining her husband, etc. To which we reply, that an answer was required from her by the bill, and she had a right, by the statute, to make that answer a cross-bill. Plaintiffs, if she had not answered, would not have hesitated to have taken a *pro confesso* against her, and in that case we never would have heard of the objection now raised. They never took any steps to compel an answer from her husband, nor did they take any *pro confesso* against him. But even before the enactment of the law (late Code, 336, art. 26), she could answer separately, when a material party, and required so to do, as in the present case. 11 S. & M. 42, 43.

When a decree of a court of chancery is relied on, and any benefit claimed from it, the entire proceedings on which it is predicated should accompany it. 5 ib. 791, § 3; 44 Miss. 243, 244.

The complainants as to said judgment and decree rely and insist upon the principle of "*res judicata;*" but, however this principle may affect Mrs. Routh, Jeffries is not estopped by said judgment or decree because not a party or privy thereto. 1 Greenl. Ev. §§ 524, 553; 2 How. 820; 29 Miss. 133; 38 ib. 476; and par-

ticularly 27 Me. (14 Shep.) 539; 7 S. & M. 85; 14 ib. 205; 39 Miss. 367; and particularly 10 Wall. (U. S.) 318; 32 Miss. 200; 8 S. & M. 431; 9 ib. 613; 32 Miss. 198; 34 ib. 70; 41 ib. 50; 3 How. (U. S.) 762, 763; 30 Miss. 395, 396; 2 Eng. 445; 1 Hill (S. C.) 53; 1 Wheat. 91; 5 ib. 450; 2 Litt. 256; 1 J. J. Marsh, 407; 1 Scam. 56; 3 ib. 133; 4 ib. 302; 1 Greenl. 306; 41 Miss. 114, 115, 125; 43 ib. 679; 32 ib. 279; 30 ib. 59; 44 ib. 430.

The separate property of the wife cannot be subjected for her general debts contracted during coverture. There must be a distinct intention to bind such property. 11 S. & M. 594; 2 Sandf. Ch. 287; 23 Miss. 280; 36 ib. 549.

And the burden of proof is upon the party seeking to charge her separate property by reason of her contract, to show that she has so bound her estate. 9 S. & M. 435.

A judgment against husband and wife, founded on a contract made by them during coverture, is invalid; and a sale of the wife's property under an execution issued thereon conveys no title. And why? because the judgment as to her is void. 25 Miss. 28, 29; 33 ib. 550, explained in 33 ib. 548.

And if the judgment is void, the execution issuing thereon is also a nullity; and a sale under an execution, which is a nullity, can vest no title, especially in favor of one having notice, as the plaintiffs and their attorney, who, in the case at bar, got the judgment and made the purchase for them at the sheriff's sale, had. 8 S. & M. 518.

The judgments in 12 S. & M. 490, and 24 Miss. 242, relied upon by plaintiff's counsel in the court below, were obtained under the married woman's law of 1846, which is very different from the acts of 1839 and 1857, and made the husband and wife jointly liable even upon an implied contract as well as upon an express one.

"The plaintiff must set out in his pleadings the special circumstances which authorize a married woman by our laws to make a binding contract. It must appear of record, in some form or other, that all the necessary facts are present to make the promise binding on the wife." 43 Miss. 679; 41 ib. 114, 115.

In 12 S. & M. 490, and 24 Miss. 242, the necessary facts, under the act of 1846, were set out in the declaration.

A judgment cannot be given on a verdict which varies substantially from the issue, and if the verdict find matter outside of the issue, it is void for so much. 1 S. & M. 594. And as to the liability of Mrs. Routh and her separate estate, there were no proper averments to charge her or her estate, and, *ergo*, no issue for that purpose made up or joined. 14 S. & M. 205; 2 ib. 540; 41 Miss. 90; 42 ib. 506.

A void judgment or decree may be treated as a nullity (42 ib. 210), and may be disregarded and even attacked collaterally when sought to be enforced, or any benefit claimed under it. 6 How. 114; ib. 234, 235; 8 S. & M. 519; 3 How. (U. S.) 762–'3.

Such a judgment is binding no where, and may be relieved against without reversal. 3 Eng. 318; ib. 324. And a sheriff cannot, in trespass, justify under process issued thereon. 3 Eng. 406. And such a judgment, when joint, cannot be good in part, and bad in part; bad as to one, bad as to all. 1 How. 530; 42 Miss. 210.

Judgments are conclusive only as to matters in issue. 1 Greenl. Ev. § 528–534. And as to the liability of Mrs. Routh, or her estate, there was no issue.

Neither consent nor acquiescence can give jurisdiction where it is not authorized by law. 41 Miss. 670; 4 S. & M. 563; 7 Port. 37; 7 How. 231. And it is never too late to raise the objection where the record discloses a total want of jurisdiction in the court

below.   10 S. & M. 163, § 3;  2 A. K. Marsh. 607;  3 How. 34.

The court must have jurisdiction both of the person and subject-matter, in order to impart validity to its judgments.   41 Miss. 50, § 4.   And an order, judgment or decree is void, when the court rendering it has no jurisdiction of the subject-matter and of the parties. 9 S. & M. 621, § 3;  41 Miss. 50.

In Lake v. Hastings, 24 Miss. 495, 496, this court says that, "A party who seeks justice must pursue it according to the forms and remedies prescribed by law, otherwise interminable confusion will ensue, and injustice be done," etc.   10 Pet. 475;  2 A. K. Marsh. 607.   See also, 3 Dallas, 382 (1 Cond. U. S. S. C. 170, and cases cited in note).

SIMRALL, J.:

The appellants and Wood & McGinnis purchased the "Contentment" plantation, or the life estate of Mrs. Routh therein, under a judgment against Job Routh and wife, and a decree in a chancery suit set out in the pleadings.

The original bill alleged that the father of Mrs. Routh, sometime before the recovery of the judgment and decree, had conveyed this property, consisting of 2,400 acres, to his daughter, Mrs. Routh, for life, remainder to her two infant children; that this deed was suppressed, and had never been put on record; concluding with a prayer for a discovery by what title Mrs. Routh holds the lands; for delivery to complainants of the deed to her from Jeffries, or other title proper to be placed on record, or for commissioner to make a deed; and that defendants deliver possession to complainants, and pay rent.   The answer of the defendants deny that such deed was ever executed, except that it was signed and acknowledged by Jeffries, and sent to his daughter, Mrs. Routh, who

declined to accept it; and thereupon it was delivered back to her father. That both Jeffries and Mrs. Routh treated the contemplated settlement of the property as at an end.

The appellants assert that the title for life under this deed actually vested in Mrs. Routh, and that by the sheriff's sale and deed they acquired an undivided half of it. But in order to obtain the fruit of their judgment and purchase, they ask for a discovery and production of the deed, that it may be registered, and that possession be delivered up, and for rents.

This is manifestly not a technical bill for discovery. Such bills are always brought in aid of a pending suit at law, or of a suit about to be brought to have disclosure of facts resting in the knowledge of defendants, such as deeds or other writings in his custody or power; but no relief is sought because of such discovery, or touching the matter brought to light. Mit. Eq. Pl., by Jeremy, 53; Story Eq. Jur., § 1483.

The object of the bill is to obtain a discovery of facts material to the prosecution of the complainant's right in some other suit. It is generally, if not always, the case, that a court of law, or some other tribunal than a court of equity, has exclusive cognizance of the subject-matter touching which discovery is sought. Incidental relief, necessary to give the plaintiff full benefit of discovery, is allowable, such as the stay of the suit at law until discovery is made, or the production of deeds and papers in court, etc. Story Eq. Pl. 315. This chancery jurisdiction in aid of a proceeding at law, has, by statute, been conferred upon the courts of law.

This bill is both for discovery and relief. After purging the consciences of the defendants, and procuring a disclosure and producing of the deed from Jeffries to Mrs. Routh, it seeks to make an end of the whole matter, by recovery of the possession of the lands

and the rents and profits.   Manifestly, the title of the complainants, if any, to the property, is purely legal. The right claimed to have vested in Mrs. Routh by the conveyance from her father is purely legal.   The only obstruction in the way of full redress at law, is the inability to prove the deed, its execution and delivery. Because the complainants could not command the evidence, the discovery became necessary.   But, when that was obtained, or the means of obtaining it exhausted, was not the jurisdiction of the chancery court spent ?   It must be so, unless the proposition put forward by the complainant be true.   That a party, clothed with the legal title to real estate, who is obliged to seek discovery and production of deeds from his adversary in chancery, in order to prove his title, having gone into the equity court for that purpose, is there for all, and may use in that court the fruits of his discovery to recover the land and its rents.   It was because the defendant could not be examined as a witness at law, and because that court had no machinery or adaptation, to extort from him a discovery, that the court of equity, for the advancement of justice and the vindication of truth, came to the aid of the legal tribunal.   But, whilst we do not say, that under our system, which enables the plaintiff to examine the defendant as a witness at law, and to file in that court the ancillary petition for discovery, there is no longer a right to resort to a court of chancery for discovery, and that the jurisdiction of that court has been taken away by these statutory changes.   We are, nevertheless, of the opinion that if the plaintiff, who has a legal title and needs discovery, brings his bill for that purpose, a court of equity will not undertake to try the case as if it were an ejectment.

. A court of equity must have jurisdiction to relieve, in some particular, before it will relieve for all.   But

the ordinary bill of discovery is not a bill for relief, and requires, generally, no decree.

But aside from this, the judicate of the complainant's title is, that Mrs. Routh had a life estate, which they acquired at the sheriff's sale. The defendants deny distinctly and positively the conveyance of the land by Jeffries to Mrs. Routh. It is admitted that Jeffries proposed to convey, and that he prepared a deed, sealed and acknowledged, and sent it to his daughter, but that she declined to accept it, and so notified him. A deed is one of the forms of a contract; and to constitute a contract, the grantor and grantee must concur; the former to convey on the terms mentioned in the instrument, and the latter to accept. The delivery of the deed is the last formal act to its complete execution. That implies more than a mere manual provision for a time by the grantee; there must be the acceptance and assent that it shall be operative as a contract. Where it is beneficial to the grantee, in the absence of countervailing circumstances, delivery and acceptance will be presumed, from many circumstances, such as acknowledgment and registration, enjoyment of the estate raised by it, etc. The acceptance is necessary, and the fact must be proved. This is put in issue by the pleadings, and the *onus* of proof is on the complainants. McGehee and wife v. White, 31 Miss. 16. In Bullitt, Miller & Co. v. Taylor & Richardson, 34 ib. 741, the deed had been signed, sealed, acknowledged and put upon record, yet it was said that was not sufficient to transfer the title, unless the grantee accepted it. Until then, it was but a proposition to convey, which might be withdrawn. The presumption arising from what had been done by the grantor of a delivery, may be overcome by facts.

The controversy between these parties is reduced to the affirmation by the complainants that Mrs. Routh accepted the deed, and a denial by the defendants that

it ever was accepted.   Although the denial is accompanied with some circumstances of detail, they are so interwoven with the general proposition that it is a little difficult to separate them.   But as in the case of Russell v. Moffit et al., 6 How., the complainants are not relieved of the duty of overcoming the answer by testimony.

But the case was finally heard on the pleadings.   No testimony was offered by either side.   In this attitude, the defendant was entitled to the decree without considering the other questions made by the appellant.

*The decree is affirmed.*