GILLESPIE, Chief Justice:
Suit was filed by Paul H. Sanders (plaintiff) against the Mississippi State Highway Commission (Commission) in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for a judgment compelling the Commission to accept a deed to lands owned by plaintiff and to pay plaintiff the sum of $51,000 therefor. Upon the conclusion of the hearing on the merits, the court denied the Commission’s requested peremptory instruction and sustained plaintiff’s motion for a peremptory instruction, whereupon judgment was entered accordingly. The Commission appealed; we reverse.
In August 1969, Paul H. Sanders met with Robert Bell, Chief Negotiator for the State Highway Commission, regarding the purchase by the Commission of a tract of land owned by Sanders in Jackson County. At the meeting, Mr. Bell presented Sanders with a “fair market value offer” commonly used by the Commission in negotiating right-of-way acquisitions, along with a deed to the property which had been prepared for Sanders’ signature. After considering the offer, Sanders accepted by signing the deed and giving it back to Mr. Bell. Bell then took the deed into the office of John Tabb, Secretary of the Highway Commission, and had Tabb, as ex-of-ficio notary public, acknowledge Bell’s signature as a witness to the signing of the deed.
Approximately one week later, Sanders visited Mr. Bruce McCaa, Director of the State Highway Commission, in an effort to secure payment for the land as soon as possible. At this meeting, Sanders was informed by Tabb that his property matter would be submitted to the Commission at its September meeting. On September 16, one week after the Commission had met, Mr. McCaa wrote Sanders advising him that his deed had been submitted to the Commission and had not been approved for payment. On September 23, Sanders’ deed was returned to him.
The Commission contends that it can be bound only by affirmative action evidenced by an entry on its minutes, and since the evidence failed to show such entry on the Commission’s minutes, the plaintiff failed to establish that the Commission was bound. Plaintiff concedes that the validity of the contract requires an entry of an order on the minutes of the Commission. Miss.Code 1942 Ann. § 8018 (1956); Pearl Realty Co. v. State Highway Commission, 170 Miss. 103, 154 So. 292 (1934). Plaintiff argues, however, that the stated rule applies only to executory contracts, and that the acceptance by the Commission of the executed warranty deed vested title to the land in question in the Commission and the transaction was consummated. Plaintiff then argues that the Commission became obligated to pay for the land under Article 3, section 17, Mississippi Constitution of 1890, which provides in part that “Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner. . . .”
The question is whether the execution of the warranty deed by plaintiff and leaving it with the Chief Negotiator of the Commission constituted an acceptance thereof by the Commission resulting in consummation of the purchase of the land.
A deed is a form of contract; and to constitute a contract there must be more than a mere manual possession by the grantee; there must be the assent that it will be operative as a contract. Kearny v. Jeffries, 48 Miss. 343 (1873). Acceptance by the grantee is essential to the validity of a deed. Martin v. Adams, 216 Miss. 270, 62 So.2d 328 (1953). The Commission cannot be bound until affirmative action is taken by an appropriate entry on its min *352 utes. Whether the contract is in the form of a purchase and sale agreement or a deed, the rule is the same. Chief Negotiator Bell could not bind the Commission, whatever the form of the contract, without the authority of the Commission appearing on its minutes.
The statutes now in effect are more restrictive concerning the authority of officers of the Mississippi State Highway Commission than those in effect at the time Pearl Realty Co. v. State Highway Commission, supra, was decided. Since the Pearl Realty case the following has been included in Mississippi Code 1942 Annotated section 8018:
The state highway commission herein created shall act as a legal entity and shall only speak through its minutes, and in all matters shall act as a unit. Any action on the part of any member of said commission separately shall not bind said commission as a unit, but said individual member only shall be liable personally on his official bond. [Supersedes § 8018, Code of 1942.]
In Pearl Realty Co., the Court held that the provisions of the statutes then in effect were mandatory. It follows that the much stronger provisions of the present statute allow no room for the argument that they are merely directory.
The trial court erred in granting plaintiff a peremptory instruction. The Commission should have been given such instruction. The judgment is reversed and one entered here dismissing the suit.
Reversed and rendered.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.