391 So.2d 984 (1980)
Walter SALMON
v.
Beverly V. THOMPSON, Jr., et al.
No. 52261.
Supreme Court of Mississippi.
December 10, 1980.
*985 John E. Mulhearn, Jr., Mulhearn & Mulhearn, Natchez, for appellant.
J. Walter Brown, Zuccaro, Riley, Pintard & Brown, Natchez, for appellees.
Before SMITH, P.J., and SUGG and LEE, JJ.
LEE, Justice, for the Court:
Beverly V. Thompson, Jr. and Mrs. Betty Jane Kempe filed suit in the Chancery Court of Adams County, Honorable Ben Chase Callon, Special Chancellor, presiding, against Walter Salmon, seeking cancellation of a certain deed of conveyance. Salmon filed an answer, demurrer, and cross-bill denying the allegations of the bill of complaint and asking for cancellation of claims asserted by Thompson and Kempe against said lands. The trial court overruled the demurrer, and, after a full hearing, granted the relief prayed for in the bill of complaint, cancelled the deed of conveyance to Salmon and dismissed the cross-bill, from which judgment Salmon has appealed.
The appellant has assigned six (6) errors in the trial below which present to this Court the principal question of whether the lower court erred in cancelling a deed of conveyance from appellees to appellant.
The record is brief and there is little contradiction in the evidence. In the spring of 1975, appellant and appellee Thompson met at a cow catch pen in Adams County, where cattle were being branded, and discussed the sale and purchase of fifty-five (55) acres of land owned by appellees. It was orally agreed that appellees would sell the land to appellant for the sum of two hundred fifty dollars ($250.00) per acre, a total price of thirteen thousand seven hundred fifty dollars ($13,750), and that a hay baler owned by appellant and in the possession of Thompson would be conveyed to appellees for a credit of nine hundred dollars ($900.00) on the purchase price of the land.
The matter was not discussed further but approximately six (6) months later, on September 26, 1975, appellee Thompson wrote appellant concerning the proposed sale and enclosed an original and one copy of the deed of conveyance, executed by both appellees, covering the fifty-five acres of land. An accompanying letter contained the following:
"September 26, 1975
Mr. Walter Salmon Plantation Supplies Rt. 1, Box 563 Natchez, Miss. 39120
Dear Walter:
This has been on my desk for a long time, but I have just been too busy to do anything about it.
If you are still interested in buying the property, I am attaching original and one copy of Warranty Deed executed by myself and my sister, Mrs. Betty Jane Kempe.
If you find the same in order, kindly execute one copy and return to me with your check in the amount of $13,750. Hope to see you my next time down to Sligo.
Best personal regards,
[unsigned] BVT:gk"
There was no response from appellant to the letter and, on October 27, 1977, appellee Thompson wrote another letter to appellant:
"October 27, 1977
Mr. Walter Salmon Route 1, Box 563 Natchez, MS 39120

*986 Dear Walter:
I have not heard from you since September 26, 1975 when I sent you a bill of sale and warranty deed on the 55 acres of Commencement Plantation. I therefore assume that you are no longer interested. I now have another opportunity to sell this acreage, and am proceeding to do so.
Sincerely,
[unsigned]
BVT:gk bc: Mr. Webb Carter Mr. Thomas K. Armstrong"
Upon receipt of the above letter withdrawing the offer of conveyance, appellant consulted with an attorney, recorded the deed he had received two (2) years, one (1) month and one (1) day earlier, and wrote appellee Thompson a letter enclosing his check for twelve thousand eight hundred fifty dollars ($12,850) payable to B.V. Thompson, Jr. and dated November 1, 1977, with the notation that it was in payment of the 55-acre tract mentioned. The sum of $900.00 was deducted on account of the hay baler which Thompson still possessed. On November 9, 1977, appellee Thompson returned the check to appellant, stating that, in his October 27, 1977 letter, he had withdrawn the offer of conveyance and that he would send appellant a check in the sum of $900.00 shortly, for the hay baler, or, would return it to appellant with an appropriate amount of rent for the time he had used same.
The appellees contend that the letter of September 26, 1975, enclosing the executed deed of conveyance, was an offer to sell the 55-acre tract, which was not accepted within a reasonable time and before the offer was withdrawn, and, further, that the letter constituted a qualified delivery of the deed. On the other hand, appellant claims that the sale of the land was agreed upon in the oral discussion in the spring of 1975, and that the letter along with the executed deed received by him in September, 1975, merged the oral contract into a written contract, and vested title to said property in him. He also argues that there was no failure of consideration since, in the absence of fraud or incompetence, failure of consideration is no defense. Mississippi State Highway Commission v. Conn, 217 So.2d 528 (Miss. 1969); Richardson v. Moore, 198 Miss. 741, 22 So.2d 494 (1945); Harris v. Griffith, 210 So.2d 629 (Miss. 1968); Longmire v. Mars, 124 Miss. 77, 86 So. 753 (1921).
Appellees take the position that there must be an acceptance of a deed before it vests title and cite Martin v. Adams, 216 Miss. 270, 62 So.2d 328 (1953) where this Court said:
"It is well settled that the delivery of a deed is essential to its validity. 26 C.J.S. Deeds § 40, page 231. It is equally well settled that it is essential to the validity of a deed that it be accepted by the Grantee even though it is recorded. 26 C.J.S. Deeds § 51, page 253." 216 Miss. at 277, 62 So.2d at 329.
In Mississippi State Highway Commission v. Sanders, 269 So.2d 350 (Miss. 1972), the Court stated:
"A deed is a form of contract; and to constitute a contract there must be more than mere manual possession by the grantee; there must be the assent that it will be operative as a contract. Kearny v. Jeffries, 48 Miss. 343 (1873). Acceptance by the grantee is essential to the validity of a deed. Martin v. Adams, 216 Miss. 270, 62 So.2d 328 (1953)." 269 So.2d at 351.
Acceptance of a deed of conveyance and delivery of the instrument work together and complement each other. There must be a complete and unequivocal delivery of a deed of conveyance in order for it to vest title in the purported grantee. Reeves v. Reeves, 374 So.2d 791 (Miss. 1979).
There having been no discussion or reference to the deed in approximately six (6) months, Thompson indicated in the transmittal letter of September 26, 1975, (1) that he did not know whether appellant was interested in buying the land at that time and (2) he enclosed an original and copy of the deed with instructions that, if appellant was still interested in buying the property (found the deed in order) (3) he was instructed *987 to execute a copy and return it to Thompson (4) with his check in the sum of $13,750.00.
The above letter with the instructions mentioned constituted a qualified delivery of the deed of conveyance to appellant. He did not comply with the instructions and conditions contained in the transmittal letter for a period of two years, one month, and one day, and not then until appellee Thompson informed appellant that the deed offer and conditions in the letter were withdrawn.
We are of the opinion that there was no effective delivery of the deed to appellant and no acceptance of the instrument by him within a reasonable time. The chancellor correctly cancelled the instrument as a cloud on the title of appellees and the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.