800 So.2d 1186 (2001)
Sarah H. BENTON, Appellant
v.
William R. HARKINS, Appellee.
No. 2000-CA-00362-COA.
Court of Appeals of Mississippi.
June 26, 2001.
Rehearing Denied August 21, 2001.
Certiorari Denied December 6, 2001.
W. Dean Belk Jr., Indianola, Attorney for Appellant.
Robert Lawson Holladay, Drew, Attorney for Appellee.
Before KING, P.J., PAYNE, and MYERS, JJ.
KING, P.J., for the Court:
¶ 1. Sarah Benton appeals the decision of the Sunflower County Chancery Court that Christine Harlow had not effectuated the transfer of real property to Benton. Benton presents two issues for this Court's decision: (1) whether the Chancellor's determination that the decedent, Christine C. Harlow, never legally delivered the deed dated February 14, 1995, to the plaintiff and the defendant as grantees is unsupported by substantial evidence, manifestly wrong, or is clearly erroneous, and (2) whether the decedent, Christine C. Harlow, made a completed gift of her real property to the plaintiff and the defendant as tenants in common under the deed dated February 14, 1995. Finding Benton's first issue to be dispositive, this Court reverses and remands this matter for proceedings consistent with this opinion.

FACTS
¶ 2. Sarah Benton and William Harkins are the children of Christine Harlow, who is now deceased. Prior to her death, Mrs. Harlow requested attorney Frank Crosthwait *1187 to prepare a deed conveying her Sunflower County farm to her children, Benton and Harkins, while reserving for herself, a life estate.
¶ 3. Consistent with Mrs. Harlow's instructions, Crosthwait prepared the deed and gave it to Harkins, who then took the deed to Houston, Texas to Mrs. Harlow, who was temporarily residing there with Benton. Mrs. Harlow, executed duplicate originals of the deed, on February 14, 1995, gave one of the originals to Benton and the other to Harkins with instructions to return it to Crosthwait for recordation.
¶ 4. On February 21, 1995, Crosthwait received a telephone call from a person, who identified herself as Christine Harlow. This person instructed him not to record the prior deed, but to draft a new deed conveying the entire farm to Harkins.
¶ 5. Crosthwait prepared the deed as instructed, and gave it to Harkins, who in turn drove it to Houston, Texas, where it was executed by Harlow. This second deed was recorded by Crosthwait on February 27, 1995.
¶ 6. Benton, who became aware of this second deed upon Harlow's death, then recorded her duplicate original of the first deed. She also filed this action in chancery court seeking a half interest in the subject property, pursuant to the February 14, 1995 deed.
¶ 7. The chancellor held that, as a matter of law, there had been no delivery of the February 14, 1995 deed, and therefore a transfer of property was not effectuated. She held that absent delivery of the deed, Harlow was free to, and did, change her mind regarding the transfer. Accordingly, the chancellor noted that only the second deed, recorded February 27, 1995 with Harkins as the sole grantee, effectuated a transfer of the subject real estate.

DISCUSSION
WHETHER THE CHANCELLOR'S DETERMINATION THAT THE DECEDENT, CHRISTINE C. HARLOW, NEVER LEGALLY DELIVERED THE DEED DATED FEBRUARY 14, 1995 TO THE PLAINTIFF AND THE DEFENDANT AS GRANTEES IS UNSUPPORTED BY SUBSTANTIAL EVIDENCE, IS MANIFESTLY WRONG, OR IS CLEARLY ERRONEOUS.
¶ 8. The parties stipulated to the introduction of a copy of the February 14, 1995 deed as executed by Harlow and recorded in the land records maintained by the Sunflower County Chancery Clerk. This stipulation binds the parties and the trial court. Douglas v. Douglas, 766 So.2d 68 (¶ 9) (Miss.Ct.App.2000). There are therefore no questions as to the validity of execution of the February 14, 1995 deed, or as to whether it was in proper form for recordation. Thus the primary question before the trial court was whether a properly executed deed was sufficiently delivered to effectuate a transfer of the real property described therein. The trial court held that it was not; we find that holding to be error.
¶ 9. To have a valid delivery of a deed in Mississippi, there must be (1) a complete and unequivocal delivery of the deed, Salmon v. Thompson, 391 So.2d 984, 986 (Miss.1980), and (2) an actual intent by the grantor to deliver the deed, Taylor v. Welch, 609 So.2d 1225, 1232 (Miss.1992), as "manifested by his words, acts and the circumstances surrounding the transaction" McMillan v. Gibson, 222 Miss. 408, 76 So.2d 239, 240 (1954) (citing 26 C.J.S. Deeds § 41, pp. 233, 234).
¶ 10. There is no evidence, or inference to be drawn from the evidence, that (1) there was not a complete and unequivocal delivery of the February 14, 1995 deed to *1188 Benton, or (2) that Harlow did not intend to deliver the February 14, 1995 deed to Benton. In the absence of such evidence, the chancellor's judgment is not supported by substantial evidence and is therefore manifestly wrong. Chapman v. Chapman, 473 So.2d 467, 470 (Miss.1985).
¶ 11. While Mrs. Harlow may have indeed changed her mind about giving Benton a half interest in the farm, after delivery of the deed, the transfer was complete and beyond Mrs. Harlow's power to alter.
¶ 12. Accordingly, this Court reverses this cause and remands for proceedings consistent with this opinion.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF SUNFLOWER COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.