RICHARDSON *et al. v.* MOORE *et al.*

(In Banc. June 11, 1945. Suggestion of Error Overruled Sept. 24, 1945.)

[22 So. (2d) 494. No. 35899.]

H. H. Parker, of Poplarville, for appellants.

**J. M. Morse,** of Poplarsville, for appellees.

**Hugh V. Wall,** of Brookhaven, for appellees.

Argued orally by **H. H. Parker**, for appellants, and by **H. V. Wall** and **J. M. Morse**, for appellees.

**Roberds, J.**, delivered the opinion of the court.

The question to be determined herein is the title and ownership of the minerals and mineral rights in certain lands located in Pearl River County, Mississippi.

Edward Hines Yellow Pine Trustees, by warranty deed conveyed the lands to Hoskins-Moore Lumber Company, a co-partnership of four persons, but which deed contained this provision: "The fee herein is subject to mineral and oil rights, if any, now of record and not owned by the grantors herein and subject also to all public highways."

It is agreed that no person other than the grantors in that deed then had, or claimed, any mineral rights in the lands, and that this deed vested in Hoskins-Moore Lumber Company the fee-simple title to the lands.

Hoskins-Moore Lumber Company conveyed the lands to Mrs. Maude S. Smith by warranty deed which contained this provision: "Also, reserving the oil and mineral rights on the said lands together with the right to enter upon, explore for and remove the said oil and mineral in accordance with a deed made to us by the Edward Hines Yellow Pine Trustees, conveying to us the said land."

Mrs. Smith, by warranty deed, conveyed the lands to J. C. Richardson, "Subject, however, to any mineral or oil rights, if any such exist, belonging to any former owner of said land other than this grantor." J. C. Richardson later conveyed to T. F. Richardson a one-half interest in whatever he got under the Smith deed.

The Richardsons, complainants below and appellants here, claim ownership under the Smith deed and also by adverse possession. Appellees, defendants below, controvert appellants' claim of title by adverse possession, and also contend that the Hoskins-Moore deed to Mrs. Smith excepted the minerals, and that they, being the one surviving partner and the heirs of three deceased partners of Hoskins-Moore Lumber Company, are the owners of such minerals. The lower court found for appellees.

The question is: Did the deed to Mrs. Smith convey, or except, the minerals?

In trying to solve this question, we should keep in mind certain well-established principles of construction

of contracts. Those applicable here are (1) the deed must be read in the light of the circumstances surrounding the parties when it was executed; (2) that the construction should be upon the entire instrument, and each word and clause therein should be reconciled and given a meaning, if that can be reasonably done; (3) that the main document and that to which it refers must be construed together, (4) that if the wording of the deed is ambiguous, the practical construction placed thereon by the parties will have much weight in determining the meaning; and (5) that in case the deed is ambiguous, and subject to two possible constructions, one more favorable to the grantee, and the other more favorable to the grantor, that construction favorable to the grantee will be adopted.

As to the circumstances surrounding the parties, the deed from Edward Hines Trustees to Hoskins-Moore is dated August 31, 1922, and that from Hoskins-Moore to Mrs. Smith is dated August 19th, twelve days earlier, and the Hines deed was acknowledged in Chicago the day of its date. Apparently when Hoskins-Moore prepared their deed they did not know whether any, or if so, what mineral exception would be in the Hines deed. But, it is also apparent that Hines had theretofore agreed to convey the lands to Hoskins-Moore, because the deed to Mrs. Smith recites that, under date of July 29, 1922, Hoskins-Moore had executed a deed to the timber on the lands, and the conveyance of the land was subject to that timber deed. In other words, it is clear that Hoskins-Moore, when they prepared their deed to Mrs. Smith, knew Hines was going to convey the lands to them, but were not certain what provision, if any, the deed would contain with reference to the minerals.

It is further noted that the Hoskins-Moore deed to Mrs. Smith undertook to reserve the oil and minerals ''in accordance with a deed made to us  .  .  . '' by Edward Hines Trustees. We must give meaning and effect to the quoted phrase unless prevented by the dominant meaning of the entire instrument. If the grantors intended

to except the minerals outright, there was no need to use that expression. They could have more easily said "But all minerals are hereby excepted." If we hold the minerals were excepted without qualification, we entirely disregard the reference to the Hines deed. The circumstances surrounding the parties and the reference to the Hines deed show clearly that Hoskins-Moore were simply trying to protect their warranty to Mrs. Smith from whatever reservation, or exception, the Hines deed might contain, and not that they were attempting to retain in themselves title to the minerals in the lands conveyed.

Furthermore, looking to the Hines deed, we find it contains words which might, but do not in fact, except the minerals, because no person other than the grantors therein owned, or claimed, any mineral rights. The deed to Mrs. Smith excepted the minerals in accordance with that deed, which, in fact, was not an exception at all.

The action of the parties regarding the subject matter is of much weight in ascertaining their meaning and intent with reference thereto. The bill in this cause was filed in May, 1944. The Hoskins-Moore-Smith deed was executed some twenty-two years prior, yet the four partners composing Hoskins-Moore Lumber Company never had the minerals separately assessed to them, nor paid taxes thereon, nor have the present appellees done so, but, on the other hand, Mrs. Smith and appellants, claiming under her, have paid all taxes against said lands, and have been in the actual, open, peaceable, continuous possession thereof, living upon, fencing, cultivating and using the same, during all of that time. Moreover, Mr. R. H. Crosby, the only surviving original partner, and Mr. Sam W. Hoskins, Jr., only heir of another original partner, frankly state in their answers that they never made any claim to the minerals before the filing of this suit, and Mr. Crosby does not now do so. The other appellees, while denying in general terms the allegation in the bill that they never made any claim thereto, fail to allege, or show, any specific, or affirmative, act or conduct asserting such

752

claim. On the other hand, appellants, on July 13, 1933, executed to J. R. Smith a mineral lease on said lands, which was duly recorded, and Smith, in turn, assigned such lease to the Sun Oil Company, and that company has since paid the taxes on such lease, all without protest or complaint or attempted interference on the part of appellees.

And applying the last foregoing stated rule of construction, if the provision under construction is ambiguous, which it is, it is our duty to construe it favorably against appellees, who claim through the grantors in the deed containing such ambiguous provision, and favorably to appellants, who derive their title through the grantee in such deed. And this we do, and hold that the deed to Mrs. Smith did not, under the circumstances here, retain in Hoskins-Moore Lumber Company, the grantors in such deed, any right to, or interest in, the minerals in said lands, and that, consequently, appellees are not now the owners of any such right or interest, but that the title to, and ownership thereof, are vested in appellants, subject to the rights of the Sun Oil Company, if any.

Reversed and judgment here for appellants.