GLOBE MUSIC CORPORATION *v.* JOHNSON, et al.

No. 39875        January 9, 1956        84 So. 2d 509

*Summer & Keyes, Lipscomb, Ray & Barksdale,* Jackson, for appellant.

*Ethridge & Minniece,* Meridian, for appellees.

McGEHEE, C. J.

The appellee, Sherman "Blues" Johnson, is a musician and musical composer, and the appellant is engaged in the business of making recordings and other

sound reproductions of music. During the year 1949 the appellee composed the words and music of a song entitled "You Said You Loved Me", sometimes referred to as "Saving My Love For You", and then on September 22, 1951, he entered into a written contract with the Diamond Record Company, Inc. of Jackson, Mississippi, for a period of one year, wherein it was provided, among other things, that "As to any original compositions or arrangements by Second Party * * * during the term of this contract or any extensions thereof, it is agreed: All musical works written and composed and/or arranged by Second Party shall be and become the property of First Party, its assigns or successors forever, and First Party shall have the right to dispose of same in whatever manner it deems appropriate, including, but not limited to securing copyrights thereto." The appellee was designated in the contract as the party of the second part.

The Diamond Record Company, Inc. is owned, managed and controlled by the same persons who manage and operate the appellant Globe Music Corporation in Jackson, Mississippi, to whom all rights under the contract were later assigned.

On October 17, 1952, the Diamond Record Company, Inc. entered into a new contract with the appellee, whereby it was stipulated that the appellee herein then sold and conveyed to the Diamond Record Company, Inc. "the exclusive right of recording, transcribing and/or otherwise making sound reproductions of the singing, vocal renditions, * * * produced by himself for a term of only one year from the date hereof."

On October 15, 1951, the said Diamond Record Company, Inc. obtained a copyright from the U. S. Government in its own name on the song in question, and shortly thereafter assigned the said copyright to the appellant Globe Music Corporation. Then on November 30, 1953, the appellee entered into a written contract with the

Lion Publishing Company whereby he sold to the said company, its successors and assigns, "a certain heretofore unpublished original music composition, written and/or composed by the above named writer, (the appellee Sherman 'Blues' Johnson) now entitled: 'YOU SAID YOU LOVED ME' (recorded as) 'SAVING MY LOVE FOR YOU', including the title, words and music, and all copyrights thereof * * * and the exclusive right to secure a copyright therein throughout the entire world * * *"

It appears that in the meantime neither the Diamond Record Company, Inc. nor the appellant Globe Music Corporation had placed this song on the market, or done anything in that behalf except to record and process the same at its own expense.

During the year 1954 the song in question became a "tune hit" and the appellant then notified the Lion Publishing Company of the appellant's alleged rights under the contracts of September 22, 1951, and October 17, 1952, and under the copyright obtained for the song. The result was that the appellee was prevented from collecting the royalties provided for under his contract with the Lion Publishing Company of November 30, 1953, pending the outcome of the controversy in regard to the ownership of the song.

On August 6, 1954, the appellee brought this suit against the appellant and the said Lion Publishing Company, the latter being made a defendant because it would not join in the suit as a complainant. The prayer of the bill of complaint is that the complainant and the defendant Lion Publishing Company be adjudged to be the sole owners of all rights in and to said song and that the defendant Globe Music Corporation be ordered to execute an assignment of all copyrights and other evidences of ownership of said song unto the complainant and the defendant Lion Publishing Company. It was so

ordered by the chancellor, and the cross bill of the appellant was dismissed with prejudice.

The principal question presented to us for decision is whether or not the song in question was included in the contracts between the appellee and the Diamond Record Company, Inc. executed on September 22, 1951, and October 17, 1952, respectively, and thereafter assigned to the appellant, as aforesaid. The proof discloses that these contracts were prepared by the secretary of the party of the first part thereto, therefore any ambiguity in the contracts must be resolved in favor of the party of the second part.

Keeping in mind the provision of the contract quoted in the first paragraph of this opinion, the proof disclosed without dispute that the song in question was an original composition by the party of the second part, and that neither the wording nor the music was composed during the term of the contract.

The party of the first part to the contract evidently assumed, as indicated by its subsequent action, that the song in question was intended to be included therein. Consequently the appellant, as its assignee, sought to have the contracts reformed so as to express such an intention, in the event the contract had not already done so, but we are of the opinion that the trial court had ample testimony to support its finding that the party of the first part had indicated that it did not desire to make and sell records of this particular song, and while the chancellor did not specifically so find, we are of the opinion that his decree is correct for the reason that this song was not an original composition by the second party during the term of the contract or any extension thereof; that since the party of the first part prepared the contract it could have caused the same to cover prior compositions, or the proof should be clear and convincing that its failure to so provide was due to a mutual mistake of the parties. The appellee testi-

fied that he had been informed by the appellant after a recording was made of this song on the date of the execution of the first contract that it was not suitable for his voice and could not be used, and he testified that otherwise he would not have felt free to sell it to a third party. The appellee does not rely primarily upon the finding of the chancellor that the party of the first part had abandoned any rights it may have had in this song, but rather the appellee relies chiefly on the fact that the contract is to be construed more strongly against the appellant and that by its terms it does not cover the song in question, and that the proof is insufficient to show that there was an omission by a mutual mistake in that behalf.

We are of the opinion that the decree appealed from should be affirmed.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie*, JJ., Concur.