FORD, et al. *v.* JONES, et ux.

No. 39942 February 13, 1956 85 So. 2d 215

*Welch & Gibbes,* Laurel; *Evon A. Ford,* Taylorsville; *Walker & Cox,* Laurel, for appellants.

*McFarland & McFarland,* Bay Springs, for appellees.

ETHRIDGE, J.

The issue on this appeal is the construction of a deed to an interest in oil, gas and other minerals, which was executed on December 28, 1944, by appellees, J. T. and Geneva Jones, to appellant, Evon A. Ford. The suit was brought in the Chancery Court of Jasper County, Second Judicial District, by appellees, the Joneses, against appellants, Ford, A. F. Chisholm and Central Oil Company, the latter two claiming under subsequent conveyances from Ford. The chancery court agreed with appellees' contentions and held that the instrument hereinafter described conveyed to Ford a one-fourth royalty interest, and not a one-fourth undivided interest in the minerals in place. It also dismissed the cross bill of appellant Chisholm.

The deed is on a "Form R-101" and is entitled "Mineral Right and Royal Transfer (To Undivided Interest)". Ford paid the Joneses $135 an acre, or a total price of $1,350. The deed recites a consideration of $10 and other good and valuable considerations. The granting clause conveys to grantee "an undivided one-fourth (¼) interest in and to all of the oil, gas and other minerals of every kind and character in, on or under that certain tract or parcel of land" as described. The form used was a printed form, but following the property description there was typed in these two paragraphs:

"It is the intention of grantors, by this instrument, to convey, and the intention of grantee to purchase an undivided ten (10) royalty acres under the above described lands.

"It is understood and agreed that this land is now subject to an outstanding oil, gas, and mineral lease and

grantee waives the right to receive any part of the delayed drilling rentals as provided in said lease."

The habendum clause is a usual one in a mineral deed. It recites that the grantee holds "the said undivided interest in all of the said oil, gas and other minerals in, on or under said land, together with all and singular the rights and appurtenances thereto in anywise belonging, with the right of ingress and egress, and possession at all times for the purpose of mining, drilling and operating for said minerals and the maintenance of facilities and means necessary or convenient for producing, treating and transporting such minerals and for housing and boarding employees, unto said grantee, his heirs, successors and assigns, forever; and grantor herein for himself and his heirs, executors and administrators hereby agrees to warrant and forever defend all and singular the said interest in said minerals, unto the said grantee, his heirs, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The grantee has the right any time to redeem for the grantor any liens on the land, where grantor has defaulted, and to be subrogated thereto; and the conveyance is subject to any valid existing mineral lease, "but, for the same consideration hereinabove mentioned, grantor has sold, transferred, assigned and conveyed and by these presents does sell, transfer, assign and convey unto grantee, his heirs, successors and assigns, the same undivided interest (as the undivided interest hereinabove conveyed in the oil, gas and other minerals in said land) in all the rights, rentals, royalties and other benefits accruing or to accrue under said lease or leases from the above described land; to have and to hold unto grantee, his heirs, successors and assigns." The instrument was filed for record on January 1, 1945, four days after its execution. This suit was brought by appellees on June 18, 1954.

■■ ■ We have concluded that the instrument conveyed to the grantee an undivided one-fourth interest in the minerals in place. This included a fractional interest in the reversionary fee estate in the minerals in place, the rights to receive rents and royalties under mineral leases, subject to the exception in the deed as to rentals under the then existing lease to Graham, and the rights to participate in execution of new mineral leases and to receive a proportionate part of any bonus consideration therefor. ■■■ The intent of the grantor in the deed must where possible be ascertained by construing the instrument as a whole, and from a fair consideration of the entire instrument, if it can be reasonably done. Salmen Brick and Lumber Company, Ltd. v. Williams, 210 Miss. 560, 50 So. 2d 130 (1951).

■■ ■ The rule that the written provisions of a deed control over the printed provisions applies only when the former cannot be reconciled with the latter, and where they are wholly inconsistent. Dale v. Case, 217 Miss. 298, 308-310, 64 So. 2d 344 (1953). All of the provisions of this instrument can be reconciled only by construing it as a mineral and not a royalty deed. Its title is "mineral right and royalty transfer (to undivided interest)". The granting clause conveys a one-fourth interest in all of the oils, gas and other minerals in and under the land. The habendum clause refers to the interest conveyed as an "undivided interest" in the minerals, with the right of ingress and egress and possession for the purpose of drilling and producing such minerals. The warranty clause extends to "said interest in said minerals", and the deed recites in its latter part that the grantor conveys unto grantee "the same undivided interest (as the undivided interest hereinabove conveyed in the oil, gas and other minerals in said land) and all the rights, rentals, royalties and other benefits accruing or to accrue" under leases on the land.

The two intention clauses or sentences written into the instrument are entirely consistent with the foregoing

provisions. The first recites that it is the intention of grantors and grantee to convey "ten royalty acres." Of course a deed to minerals in place carries along with it the royalty rights in the land, unless expressly excepted. Furthermore, the second intention sentence recites that the land is subject to an existing mineral lease, and that "grantee waives the right to receive any part of the delayed drilling rentals as provided in said lease." This provision would have been useless if the deed conveyed only a royalty interest. The grantee could waive rentals under an existing lease only if the nature of the deed in fact conveyed to him the rentals unless an exception of them was made. Moreover, the latter part of the instrument conveys expressly to the grantee the rentals under future leases.

Appellees contend that the instrument conveyed only a royalty interest, but if this position were accepted, one of the two intention clauses written into the instrument would necessarily constitute the entire instrument, namely, that referring to "ten royalty acres." The entire balance of the deed would have to be disregarded, and our duty is to interpret the intention of the parties from an examination of the entire instrument. The reference to royalty acres therefore and necessarily must be construed as simply a reference to one of the several rights which the instrument was intended to convey.

Appellees rely on Dale v. Case, supra, which involved an admitted mineral deed, but which provided, "This deed shall not participate in present oil and gas lease, but shall participate in any and all such future leases." In the light of the circumstances of that particular case, it was held that this provision excepted from its grant the royalties from one of two tracts covered by the instrument, from which there was production under a lease in existence at the time of its execution. Koenig v. Calcote, 199 Miss. 435, 25 So. 2d 763, involved in part the construction of a mineral deed which also stated that

it covered one-half of the royalties. It was held that the instrument conveyed a one-half mineral interest.

In Texas Gulf Producing Company v. Griffith, 218 Miss. 109, 141, 65 So. 2d 447, 834 (1953), the Court construed a printed instrument entitled "Royalty Deed," and in which the grantors reserved the exclusive right to lease the lands, and the rights to bonus money for future leases and all delay rentals. There was typed in the deed, "It is the intention of the grantors herein to convey by these presents and they do convey by these presents 24 mineral acres." Despite this intention clause, it was held that reading the instrument as an entirety it conveyed only a royalty and not a mineral interest. This decision is particularly pertinent to the present facts. █ It is well-settled that grantors and grantees in oil, gas and mineral deeds may separate in their conveyances the several interests constituting a mineral estate. Westbrook v. Ball, 77 So. 2d 174 (Miss. 1955); Woods v. Sims, 273 S. W. 2d 617 (Sup. Ct. of Texas, 1955).

Reversed and judgment rendered for appellants.

*McGehee,* C. J., and *Hall, Lee* and *Holmes,* JJ., concur.