Roy M. WADE and Mary Helen Wade, Plaintiffs in Error,

v.

Hollis ROBERTS, Defendant in Error.

No. 38447.

Supreme Court of Oklahoma.

Oct. 20, 1959.

George Bingaman, Thomas G. Smith, Purcell, for plaintiffs in error.

Luttrell & Luttrell, Norman, for defendant in error.

JOHNSON, Justice.

This is a suit brought by the plaintiff, Hollis Roberts, against the defendants, Roy M. Wade and Mary Helen Wade, to quiet title to certain lands in Cleveland County, Oklahoma. The cause was tried in the district court of that county resulting in a judgment for the plaintiff. The defendants have appealed to this Court on petition in error and designation of the record under 12 O.S.Ann. § 956.1 et seq.

The question presented by this appeal is the construction of the reservation clause in a deed dated June 23, 1933, from C. M. Holliday and Florence E. Holliday to Richard V. James. The deed in question recites that it conveys title to a described tract of land containing 32 acres more or less. The reservation clause reserved "an undivided $\frac{5}{32}$ interest amounting to an undivided five (5) acre interest" of the mineral rights. The title of Hollis Roberts, the present owner, is subject to the reservation clause. The riparian tract of land by accretion has admittedly increased in area to the extent that $\frac{5}{32}$ of the tract amounts to 7.385 acres, which amount (acreage) they have admittedly deeded to Roy M. Wade and Mary Helen Wade, and thus allegedly clouded plaintiff's title. The plaintiff contends that this reservation clause covers only five acres. Defendants contend that it covers $\frac{5}{32}$ of the whole tract. Thus the admitted facts and the contentions of the plaintiff and defendants pose the question of whether or not the Hollidays by the reservation in the deed to James reserved an undivided five-acre interest or a $\frac{5}{32}$ undivided interest in the oil, gas and

other minerals. The trial court found that the Hollidays reserved only an undivided five-acre interest and therefore could not convey more than that amount in their mineral deed to the Wades, and rendered judgment quieting plaintiff's title to all of said lands against the defendants "except an undivided five (5) acre interest in the oil, gas and other minerals in and under said land that may be produced therefrom.

A reservation is the taking back of part of that already granted. 16 Am.Jur. Deeds, Sec. 298; Whitman v. Harrison, Okl., 327 P.2d 680. In the instant case the grant was for 32 acres more or less, but by the reservation clause the grantor took back "an undivided $\frac{5}{32}$ interest *amounting to an undivided five (5) acre interest*" in the mineral rights. This phrase, however, limited the reservation clause to an undivided five-acre interest in the minerals. 3 Words and Phrases, p. 526; Walker v. Close, 98 Fla. 1103, 125 So. 521, 126 So. 289. The term "amounting to" as used herein means "to rise or reach to, by an accumulation of particular sums or quantities; to come to in the aggregate or whole." It is apparent, not only from the above expression but the whole contract or deed, that at that time it was the purpose and intent to limit the amount reserved to an undivided five-acre interest in the minerals of the lands conveyed. Id. We are not privileged to strike from a deed by judicial decision qualifying words used by a grantor in a reservation clause, although as contended by the defendants the primary rule in construing these clauses is the intention of the parties as expressed by the entire instrument. The words of a reservation clause are considered to be those of the grantor and are construed most strongly against the grantor. American Law of Property, Vol. 3, Deeds, Reservations and Exceptions, Sec. 12.48.

We have carefully examined the entire instrument including the granting and reservation clauses, and we find no ambiguity in the deed, and the trial court cor-

rectly so found, notwithstanding the defendants' contentions to the contrary. We hold that the grantors reserved only an undivided five-acre interest in the minerals, which they conveyed to the grantees, the defendants. Therefore, the judgment is affirmed.