PRATHER, Justice,
for the Court:
I. INTRODUCTION
This case involves construction of a deed through which a mineral interest was conveyed. The language within the deed’s “four corners” was construed by the chancery court as unambiguous, and this Court affirms.

A. The Facts

The parties presented various arguments and legal theories, most of which need not be reproduced in this opinion. In essence, this Court was called upon to construe an allegedly ambiguous deed entitled “Mineral Right and Royalty Transfer.” [1] The deed, executed in 1969 by Jack and Evie Mi-chaels, conveyed to D.L. Perkins an undivided mineral interest:
Grantor ... does grant ... two and one-half/thirty-two and one-half (2.5/32.5) interest in ...

Township ⅛ North, Range 3 East

Section 34: Commencing at a point 247.5 feet south of the northwest corner of the Northwest Quarter of Southwest Quarter (NW/4 of SW/4), Section 34, Township 4 North, Range 3 East, run thence south 247.5 feet; thence east 1320 feet; thence north 247.5 feet; thence west 1320 feet to point of beginning, containing 7.5 acres, more or less; and,
Twenty five (25) acres off the south end of the Northwest Quarter of Southwest Quarter (NW/4 of SW/4 Section 34, Township 4 North, Range 3 East.
Containing in the aggregate of 32.5 acres.
Notwithstanding anything herein contained to the contrary, it is the specific intent of the grantor to convey and of the grantee to acquire two and one-half (2.5) full mineral acres out of the above described land and grantor does hereby convey and warrant unto grantee two and one-half (2.5) full mineral acres out of the above described lands.
Record at 362 (Perkins subsequently conveyed to his mother, Mable Hammond, and his sister, Mrs. Henry V. Bailey, a portion of his interest).[2]
The dispute over the meaning of the deed’s language arose after Pursue Energy Corporation [hereinafter Pursue][3] commenced operation of a natural gas well in an area of Rankin County which includes the 32.5 acres described in Perkins’ deed. Id. at 91-135. Prior to paying owners of mineral interests a share of the production proceeds from the extracted gas, Pursue conducted title examinations. These examinations — or more specifically, Pursue’s construction of Perkins’ deed — led Pursue to conclude that a partial title failure existed. Pursue consequently withheld from Perkins a portion of his share of the proceeds. Id. at 396-97.

B. The Suit

Perkins filed suit in Rankin County Chancery Court seeking release of the withheld proceeds. In his complaint, Perkins contended: (1) that “a contractual duty arose for [Pursue] to pay [him] pro *351 duction [proceeds]” in proportion to his mineral interests “less the cost of development and operation,” and (2) that “Pursue ... has breached the duty to pay [him] production [proceeds] less the cost of development and operation.” Id. at 3-13. Pursue denied the allegations and asserted numerous affirmative defenses — with only one of which the chancery court concurred.[4]
Pursue and Perkins both filed motions for summary judgment. Id. at 352-61 & 462. After hearing oral arguments and reviewing briefs filed by both parties, the chancery court ruled in favor of Perkins, and Pursue appealed. Id. at 490-91.
II. ANALYSIS

A. The Parties’ Construction of the Deed

In construing the deed, Pursue opines that the “aggregate of 32.5 acres” is essentially two separate but contiguous tracts— one comprising 25 acres and. the other 7.5 acres. Pursue contends that the deed conveys to Perkins “an undivided 2.5/32.5 [fractional] interest from each acre in the 25-aere tract ... and also [from each acre in] the 7.5-acre tract.” Appellant’s Main Brief at 19 (emphasis added). Moreover, at the time when the Michaels conveyed a 2.5/32.5 interest to Perkins, they (the Mi-chaels) owned only a 1.5/32.5 mineral interest in the 25-acre tract. The alleged deficiency of a 1.0/32.5 interest was due to prior conveyances which the Michaels had made to another grantee. Pursue thus credited Perkins with a 1.5/32.5 interest in the 25-acre tract and a full 2.5/32.5 interest in the 7.5-acre tract. Proceeds attributable to the alleged deficiency of a I.0/32.5 interest in the 25-acre tract were withheld. Record at 396-97.
Perkins disagrees with Pursue’s construction of the deed which led to its opinion that a alleged deficiency of a 1.0/32.5 interest and resultant partial title failure exist. Perkins counters that he acquired a full and undivided 2.5 mineral acres out of the aggregate of 32.5 acres. See generally Appellees’ Brief at 9-12.

B. Construction of a Contract (Deed) and the Law

As noted in the Introduction of this opinion, this case is one requiring judicial construction of a deed conveying a mineral interest.[5] A court confronted with such a case will seek to ascertain and effectuate the parties’ intent. Cf. Thornhill, 523 So.2d at 1007 (“I for one am not so nearly interested in what the parties intended as in what they said.”) (Robertson, J., concurring in denial of petition for reh’g). A means to this end may entail implementation of a three-tiered process.[6]
*352 First, the court will attempt to ascertain intent by examining the language contained within the “four corners” of the instrument in dispute. Pfisterer v. Noble & Cities Serv. Oil Co., 320 So.2d 383, 384 (Miss.1975) (Court should ascertain “intent of the parties from [within] the four corners of the instrument”) (citing Rogers v. Morgan, 250 Miss. 9, 164 So.2d 480 (1964)); see Thornhill, 523 So.2d at 988 n. 2 (“[I]t is the duty of the Court to construe an instrument as written.”); Ewing, Reservations and Exceptions of Minerals in Mississippi Conveyancing, 39 MISS.L.J. 39, 42 (1967) [hereinafter Ewing]; see also Blass & Richey, An Analysis of the Rights and Duties of the Holder of the Executive Right, XLI MISS.L.J. 189, 191 & 191 n. 10 (1970) (“Under this [doctrine], an instrument is construed as a whole, in order to ascertain the intention of the parties.”) [hereinafter Blass & Richey].
“[Particular words ... should not control[; rather,] the entire instrument should be examined.” Mounger v. Pittman, 235 Miss. 85, 108 So.2d 565 (1959) (Court referring specifically to a mineral rights transfer); see Harris, 210 So.2d at 633 (“construction should be [based] upon the entire instrument”), overruled in part on other grounds in Thornhill, 523 So.2d at 983; Pfisterer, 320 So.2d at 384 (examine “entire instrument and all words on it”); Welborn v. Henry, 252 So.2d 779, 780 (Miss.1971) (“[I]n construing a deed it is necessary that it be considered as a whole and that the intent of the parties be gathered from its language.”) (citing Rogers, 250 Miss. at 9, 164 So.2d at 480; Mounger, 235 Miss. at 85, 108 So.2d at 565; Wolfe v. Wolfe, 207 Miss. 480, 42 So.2d 438 (1949)); Richardson v. Moore, 198 Miss. 741, 22 So.2d 494 (1945) (“[E]ach word and clause ... should be reconciled and given a meaning if that can be reasonably done.”); see also Blass & Richey, supra, at 191 & 191 n. 10 (“particular words, phrases, clauses, or sentences in a reservation or deed do not necessarily determine the type of estate created”).
This so-called “four corners” doctrine calls for construction through application of “correct English definition and language usage.” Thornhill, 523 So.2d at 1007 (Robertson, J., concurring in denial of petition for reh’g); see also Knox v. Shell Western E & P, Inc., 531 So.2d 1181, 1189 (Miss.1988) (Robertson, J., concurring). In other words, an instrument should be construed in a manner “which makes sense to an intelligent layman familiar only with the basics of English language.” Id. Of course, exceptions exist (i.e., when a word has a distinctive legal meaning. See id. (“a sentence should not be given an artificial ‘diagramed’ meaning when its clear idea is reasonably clear”) (citing Henderson v. State, 445 So.2d 1364, 1366-68 (Miss.1984)); see also Arrington, 183 So.2d at 825.
When an instrument’s substance is determined to be clear or unambiguous, the parties’ intent must be effectuated. Pfisterer, 320 So.2d at 384 (instrument that is “clear, definite, explicit, harmonious in all its provisions, and is free from ambiguity” must be “give[n] effect”); see Sumter Lumber Co. v. Skipper, 183 Miss. 595, 184 So. 296, sugg. of error overruled, 183 Miss. 595, 184 So. 835 (1938); 26 C.J.S. Deed § 83 (1956) (“the main object in construing a deed is to ascertain the intention of the parties from the language used and to effectuate such intention”).
In cases in which an instrument is not so clear (e.g., different provisions of the instrument seem inconsistent or contradictory), the court will, if possible, harmonize the provisions in accord with the parties’ apparent intent. A cursory examination of the provisions may lead one to conclude that the instrument is irreconcilably repugnant; however, this may not be a valid conclusion. See, e.g., Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617 (1955); Wade v. Roberts, 346 P.2d 727 (Okla.1959). If examination solely of the language within the instrument’s four corners does not yield a clear understanding of the parties’ intent, the court will generally proceed to another tier in the three-tiered process. This entails discretionary implementation of applicable “canons” of contract construction. For example, one rule espoused by this Court suggests that uncertainties *353 should be resolved against the party who prepared the instrument. Clark v. Carter, 351 So.2d 1333, 1334 & 1336 (Miss.1977); see Thornhill, 523 So.2d at 988 n. 2 (“(1) in a deed where there are two repugnant clauses, the first must prevail, and (2) an attempted reservation is voided when repugnant to the granting clause, (3) these two rules shall not apply where the intent of the parties is plain.”); id. (“[W]hen contractual provisions cannot be reconciled, if part of the contract is in writing and part printed, the written part will prevail.”); id. at 996-1000 (discussing “some principles of deed construction”) (D. Lee, P.J., dissenting); id. at 1005-11 (same) (Robertson, J., concurring in denial of petition for reh’g); St. Regis Paper Co. v. Floyd, 238 So.2d 740, 744 (Miss.1970) (great weight should be given to practical construction which the parties have placed upon the instrument); Holifield v. Perkins, 233 Miss. 876, 880, 103 So.2d 433, 434 (1958) “(If an instrument’s typeset printing cannot be reconciled with provisions which are filled in by the parties, then the filled-in provisions control.”); Fatherree v. McCormick, 199 Miss. 248, 24 So.2d 724 (1946) (deed should be construed in favor of grantee); see also Ewing, supra, at 48-50 (delineating seven commonly-applied canons).
Application of “canons” of construction may provide a court with an objective inference of the parties’ intent. But if, at this step in the process, intent remains unascer-tainable (i.e., the instrument is still considered ambiguous), then the court may resort to a final tier in the three-tiered process of construction. This final tier entails consideration of extrinsic or parol evidence. In other words, consideration of the totality of the circumstances attendant the devising of an instrument may help reveal the parties’ intent. For example, negotiations between the grantor and grantee — prior to their entering into the agreement — may be judicially merged into the deed. See, e.g., Dale v. Case, 217 Miss. 298, 64 So.2d 344 (1953) (case involving negotiations regarding the deed’s scope).
With regard to the appropriateness of admitting parol evidence, Professor Richard W. Hemmingway commented in his treatise on oil-and-gas law: “It is a basic rule of interpretive law that [such] evidence will not be considered in the interpretation of a written instrument unless the instrument is ambiguous.” R. HEMMING-WAY, THE LAW OF OIL AND GAS § 3.2 at 86 (1971) [hereinafter HEMMINGWAY], More recently, Professors Howard R. Williams and Charles J. Myers similarly concluded: “In most states ... courts have been reluctant to permit the admission of parol evidence [in order] to understand[] ... the meaning of the terms used in a grant.” 1 H. WILLIAMS & C. MEYERS, OIL AND GAS LAW § 219.4 at 282 (1989) (hereinafter WILLIAMS & MEYERS); see also HEMMINGWAY, supra, § 3.2 at 85-86 (discussing some courts’ views that admission of parol evidence may be contingent on whether the “attack” is collateral or direct).

C. Summary Judgment and Rules of Procedure

Disposition of the case sub judice requires consideration of applicable rules of summary judgment procedure. In other words, upon examining and construing the instrument employed by the Michaels to convey an interest to Perkins, this Court must decide whether a genuine issue of material fact exists and, on the basis of the construction, whether Perkins was entitled to judgment as a matter of law.
The construction and enforcement of the provisions of Mississippi Rule of Civil Procedure 56, regarding summary judgment, have been amply addressed in recent cases. See Brown v. Credit Center, Inc., 444 So.2d 358 (Miss.1983) (providing a detailed analysis of Rule 56 construction and enforcement). In addition, the nuances of summary judgment procedure delineated in Brown’s progeny need not be reproduced.[7]
*354 In summary judgment cases in which a contract or deed was deemed ambiguous within its “four corners,” this Court on several occasions has held that ultimate disposition (i.e., construction of contractual provisions) generally involves triable issues of fact and, thus, disposition is inappropriate at summary judgment stage. See, e.g., Shelton v. American Ins. Co., 507 So.2d 894, 896 (Miss.1987) (“where a contract is ambiguous ... questions of fact are presented ... and the granting of summary judgment is inappropriate.”); Shaw, 481 So.2d at 252 (“[W]e take a dim view of the practice of resolving contract ambiguities via summary judgment.”); Dennis v. Searle, 457 So.2d 941, 945 (Miss.1984) (“interpretation of an unclear contract generally involves questions of fact sufficient so that our summary judgment procedure will be an inappropriate vehicle for final decision”) (citing Dobson v. Masonite Corp., 359 F.2d 921 (5th Cir.1966); 3 CORBIN ON CONTRACTS § 554, at 218-27).

D. The Holding

The chancery court in the case sub judice rendered the following opinion:
[T]he Deed within its four corners or upon its face is clear and unambiguous and did convey to the grantee therein a full 2.5 mineral acre interest under the 32.5 acres described therein. There is, therefore, no question of law or fact, and therefore the Motion for Summary Judgment filed on behalf of Pursue ... is not well taken and is hereby denied.
That the Motion for Summary Judgment is sustained ... in part insofar as finding that [he is] entitled to the production proceeds attributable to the 2.5 mineral acres underlying the 32.5 acre tract above described.
Record at 490-91. Examination of the deed within its four corners leads this Court to concur with the chancery court’s opinion. This Court therefore holds: (1) that the deed is not irreconcilably repugnant—as Pursue contends; and (2) that 2.5 full mineral acres were conveyed to Perkins.[8]
In concurring with the chancery court’s opinion, parol evidence presented by Pursue to vary the deed’s apparent meaning is deemed inadmissible and, is therefore barred from consideration. WILLIAMS & MEYERS, supra, § 219.4 at 282 (citing Harris, 210 So.2d at 634, overruled in part on other grounds in Thornhill, 523 So.2d at 983); see also Gibson v. Sellars, 252 S.W.2d 911 (Ky.1952) (extrinsic evidence held inadmissible since deed is unambiguous); Hudson v. McGuire, 188 Ky. 712, 223 S.W. 1101 (1920) (unambiguous instrument shall remain unaffected by that which was not expressed within the “four corners”); Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800 (1940) (“From our conclusion that the deed by its terms plainly and clearly evidences the intention of the grantors to reserve all minerals ... it follows that it becomes the duty of the court to give the deed that construction without looking to the attending circumstances for explanation.”).
Notably, the finding (i.e., that the instrument is unambiguous) is consonant with *355 judicial treatment of cases involving an interpretation of a minerals conveyance. In these cases, “a construction is placed upon them that ... best comport[s] with the parties’ intention appearing from the instrument itself.” Harris, 210 So.2d at 633, overruled in part on other grounds in Thornhill, 523 So.2d at 983. “Moreover, such instruments are [‘ordinarily’] regarded as unambiguous.” Id.; see also Ford v. Jones, 226 Miss. 716, 85 So.2d 215 (1956); Gulf Refining Co. v. Harrison, 201 Miss. 294, 28 So.2d 221, 30 So.2d 44, sugg. of error overruled, 201 Miss. 294, 335, 30 So.2d 807 (1947); Cummings v. Mid-States Oil Corp., 193 Miss. 675, 9 So.2d 648 (1942). Professors Williams and Meyers have accordingly concluded that “courts have been unwilling to declare an instrument ambiguous.” WILLIAMS & MEYERS, supra, § 219.4 at 282. See generally Wade v. Roberts, 346 P.2d 727 (Okla.1959); Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617 (1955).

E. Miscellaneous

Pursue also contends that the “doctrines of estoppel and laches ... bar [Perkins’] claim” in this case. Appellants’ Main Brief at 19. Upon thoroughly examining the record, briefs, and relevant law, this Court finds that Pursue’s contention is devoid of merit.
III. CONCLUSION
For the foregoing reasons, the chancery court’s decision is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., not participating.

. The instrument used to convey the mineral interest in the case sub judice is a Hedermann Brothers Form R-101. The parties do not dispute that a mineral interest — as opposed to a royalty interest—was conveyed. See Harris v. Griffith, 210 So.2d 629, 633 (Miss.1968), overruled in part in Thornhill v. Systems Fuel, Inc., 523 So.2d 983 (Miss.1988) (use of an unaltered “Form R-101" — identical to the one in the case used sub judice—is generally deemed as having "the effect of conveying a fractional interest in the minerals in place"); Blass & Richey, An Analysis of the Rights and Duties of the Holder of the Executive Right, XLI MISS.L.J. 189, 201 (1970) (Form R-101 "has been said to indicate that the interest is a mineral interest”).

. For brevity’s sake, references to Perkins shall include all other appellees in this suit (i.e., Mable Hammond and Mrs. Henry Bailey).

. References to "Pursue” shall include all other appellants in this suit (i.e., Grace Petroleum Corp., Continental Illinois National Bank & Trust Co., The Leadership Foundation, Inc., 3300 Corp., and miscellaneous parties who subsequently joined in the briefs).

. The chancellor concurred with Pursue’s defense (i.e., that Perkins failed to join dispensable parties) and directed Perkins to join "19 parties ... to allow them to defend and protect their interests in the property which is the subject matter of this lawsuit." Id. at 146-47; id. at 152-58 (Perkins’ compliance); see also id. at 14-36 (Pursue’s affirmative defenses).

. This Court is occasionally confronted with issues relating to oil-and-gas law and construction of an instrument conveying a royalty or mineral interest. See, e.g., Knox v. Shell Western E & P., Inc., 531 So.2d 1181 (Miss.1988) (case in which Court was asked to construe mineral deed as conveyance of nothing more than !/ió nonparticipating royalty interest); Thornhill v. Systems Fuel, Inc., 523 So.2d 983 (Miss.1988) (case in which Court confronted with complexities of mineral-royalty distinction and interpretation of instruments effecting these interests); Miller v. Lowery, 468 So.2d 865 (Miss.1985); (case involving interpretation of clause purportedly reserving mineral rights); Harris v. Griffith, 210 So.2d 629 (Miss.1968), overruled in part in Thornhill, 523 So.2d at 983; West v. Arrington, 183 So.2d 824 (Miss.1966) (involving interpretation of minerals reservation in exception clause); Payne v. Campbell, 250 Miss. 227, 164 So.2d 780 (1964) (interpretation of royalty deed); Rogers v. Morgan, 250 Miss. 9, 164 So.2d 480 (1964) (interpretation of royalty conveyance); Westbrook v. Ball, 222 Miss. 788, 77 So.2d 274 (1955) (case holding re-adopted by Thornhill Court); Oldham v. Fortner, 221 Miss. 732, 74 So.2d 824 (1954) (interpretation of deed excepting “all minerals and mineral rights” from the conveyance); Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471 (1952) (interpretation of deed conveying mineral acre interests); Cook v. Farley, 195 Miss. 638, 15 So.2d 352 (1943) (interpretation of minerals exception clause).

.Of course, the so-called three-tiered process is not recognized as a rigid “step-by-step" process. Indeed, overlapping of steps is not inconceivable.

. See Estate of James C. Magee v. Transcontinental Gas Pipe Line Corp. & Singley Constr. Co., 551 So.2d 182 (Miss.1989) (citing MISS.R.CIV.P. 56(e)); In re Estate of Smiley, 530 So.2d 18, 25-26 (Miss.1988); Walker v. Skiwski, 529 So.2d 184, 186 (Miss.1988); Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988); Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss. *354 1987); Matter of Lanius, 507 So.2d 27, 30 (Miss.1987); Brown v. McQuinn, 501 So.2d 1093, 1095 (Miss.1986); Pargo v. Electric Furnace Co., 498 So.2d 833, 835-36 (Miss.1986); Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986); Hill v. Consumer Nat’l Bank, 482 So.2d 1124, 1128 (Miss.1986); Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985); Bush v. Mullen, 478 So.2d 313, 315 (Miss.1985); Smith v. First Fed. Sav. & Loan Ass'n of Grenada, 460 So.2d 786, 792 (Miss.1984); Pearl River County Bd. v. South E. Collection, 459 So.2d 783, 785 (Miss.1984); see also FED.R.CIV.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265, 273 (1986); Transurface Carriers, Inc. v. Ford Motor Co., 738 F.2d 42, 46 (1st Cir.1984); Watts v. United States, 703 F.2d 346, 353 (9th Cir.1983); 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2739 (1983); Union Planters Nat’l Leasing, Inc. v. Woods, 687 F.2d 117, 119 (5th Cir.1982).

. Notably, Pursue concedes: "It is without question that had the [instrument] not contained the recital that the grantor intended to convey [a full ] 2.5 undivided mineral acres to the grantee, there would be title failure as to [the 25-acre tract]." Appellants' (Pursue’s) Main Brief at 12; see also Appellant’s (3300 Corp.’s) Main Brief at 20. Arguably, the converse of Pursue’s concession is—because the instrument does contain the recital—there is no title failure.